UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JENNIFER ANN REEDQUIST, | Civil No. 14-3242 (JRT/JSM) |
| Plaintiff, | |
| v. | |
| KELLY JANE MCKAY, | **ORDER ON MOTION TO RECONSIDER** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| MARK MULLEN, and JENSEN, MULLEN & MCSWEENEY, P.L.L.P., | |
| Third-Party Defendants. | |

---

Mark E. Mullen and Rodney H. Jensen, **JENSEN, MULLEN & MCSWEENEY, P.L.L.P.**, 7900 Xerxes Avenue South, Suite 1350, Bloomington, MN  55431, for plaintiff.

Nathan M. Hansen, **ATTORNEY AT LAW**, 2440 North Charles Street, Suite 224, North St. Paul, MN  55109, for defendant and third-party plaintiff.

Peter L. Gregory, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN  55402, for third-party-defendants.

This case involves a dispute over a house in St. Paul, Minnesota.  Plaintiff Jennifer Ann Reedquist ("Reedquist") and Defendant/Third-Party Plaintiff Kelly Jane McKay ("McKay") purchased the house together in 2005 and both remain on the title.  McKay moved out of the house in 2008.  Reedquist paid the down payment and all expenses after McKay moved out.  McKay filed for Chapter 7 bankruptcy in 2009.  She indicated to

Reedquist that she wanted to disclaim any ownership in the house. Because the amount owed on the house exceeded its value, the bankruptcy trustee filed a notice of abandonment as to the house. As a result, McKay remained on the title and any debt to Reedquist for unmade house payments or other house expenses was discharged as a result of the proceedings. Reedquist now seeks an order in state court granting her sole ownership of the house through a "partition complaint." McKay, arguing that Reedquist's action violates the discharge injunction in her bankruptcy case, removed the partition complaint to this Court, seeking remand to federal bankruptcy court. This Court denied McKay's request as untimely and McKay now moves for reconsideration.

The Court finds that in light of undisputed information regarding the date of service, McKay's removal was timely. However, upon further examination of the merits of McKay's removal notice and motion to remand to bankruptcy court, the Court finds that Reedquist's action is neither a core proceeding, nor a related proceeding. Moreover, Reedquist's action amounts to an *in rem* proceeding that is not foreclosed by the bankruptcy injunction. As a result, the Court sees no need to upset the result of its prior Order and will consequently deny the motion for reconsideration.

## BACKGROUND

Reedquist served McKay with a state court summons and complaint on August 4, 2014,[1] requesting an order requiring McKay to execute a quitclaim deed conveying full

---

[1] The complaint itself is dated June 24, 2013, (Notice of Removal, Ex. 1 ("Compl.") at 6, Aug. 22, 2014, Docket No. 1), but service in fact occurred on August 4, 2014, (Decl. of Mark E.

(Footnote continued on next page.)

- 2 -

title to Reedquist in the St. Paul, Minnesota home they jointly owned.  (Notice of Removal, Ex. 1 ("Compl.") ¶ 15, Aug. 22, 2014, Docket No. 1; Decl. of Kelly Jane McKay ("McKay Decl.") ¶ 1, Feb. 20, 2015, Docket No. 18.)  Reedquist alleges that she is entitled to full ownership via a state court partition action because she made the initial down payment and has been primarily responsible for subsequent mortgage payments and repairs on the house.  (Compl. ¶¶ 5-10.)  Reedquist's action was apparently never filed in state court.[2]  (Letter from Ramsey County District Ct. at 2, Nov. 17, 2014, Docket No. 13 ("We cannot find a civil case in our Court for this case title.").)

McKay went through Chapter 7 bankruptcy proceedings in 2009, through which she was able to discharge debt she indicated she owed Reedquist on the house.  (McKay Decl. ¶¶ 2-3.)  As noted above, the bankruptcy trustee filed a notice of abandonment as to the property.  (*Id.*)  In light of these prior bankruptcy proceedings, McKay filed a notice of removal to federal court on August 22, 2014, and then filed an motion to remand Reedquist's partition complaint to bankruptcy court.  (Notice of Removal; Mot. for Referral to Bankruptcy Ct., Oct. 22, 2014, Docket No. 8.)  She asserts that Reedquist's partition action is sufficiently connected to McKay's bankruptcy discharge that it

---

(Footnote continued.)

Mullen, Ex. E, Mar. 13, 2015, Docket No. 22; *see also* Decl. of Kelly Jane McKay ¶ 1, Feb. 20, 2015, Docket No. 18.)  As a result, the parties appear to agree that McKay's removal notice and remand motion were timely.  (*See* Mem. of Law in Opp'n at 6 n.3, Mar. 13, 2015, Docket No. 21.)

[2] An action need not be filed in state court before it may be removed.  *See Perimeter Lighting, Inc. v. Karlton*, 456 F. Supp. 355, 358 (N.D. Ga. 1978).

constitutes a "core proceeding" under bankruptcy law, and that it violates the discharge injunction in her bankruptcy proceedings. McKay also brought a counterclaim against Reedquist and claims against Reedquist's counsel, Mark E. Mullen, and the law firm Jensen, Mullen & McSweeny, P.L.L.P. (together referred to as "Mullen"), alleging a violation of the discharge injunction. (McKay's Third-Party Adversary Compl., Oct. 3, 2014, Docket No. 5.)

This Court denied McKay's motion for referral to bankruptcy court as untimely, and the case was remanded to state court. (Order, Nov. 10, 2014, Docket No. 10.) Pursuant to Local Rule 7.1(j), Defendant wrote a letter requesting permission to file a motion to reconsider, which the Court granted. (Order, Dec. 3, 2014, Docket No. 16.) As discussed above, the parties appear to agree that, due to the date on which McKay was actually served with Reedquist's complaint, McKay's removal notice and remand motion are timely. (*See* Mem. of Law in Opp'n at 6 n.3, Mar. 13, 2015, Docket No. 21.)

In her reconsideration motion papers, McKay again argues that Reedquist's action belongs in bankruptcy court because it is a core proceeding. Mullen filed the primary opposition to McKay's reconsideration motion, arguing that "[t]he partition complaint does not seek recovery or offset of a debt as a personal liability of the debtor but instead seeks determination of the title to the Property under state law." *(Id.* at 8.) That motion is now before the Court.

## DISCUSSION

I.  **STANDARD OF REVIEW**

The Court may grant a motion for reconsideration only upon a showing of compelling circumstances.  *See* D. Minn. L.R. 7.1(j); *Aldaco v. Holder*, No. 10-590, 2011 WL 1596226, at *1 (D. Minn. Apr. 27, 2011).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence. . . . [A] motion for reconsideration [may not] serve as the occasion to tender new legal theories for the first time." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotations omitted).

A motion for reconsideration is the equivalent of a Rule 59(e) motion to alter or amend a judgment.  *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999) (stating that a Motion to Reconsider, filed pursuant to the District of Minnesota's local rules, is "the functional equivalent of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)").  The Eighth Circuit has stated that "relief under Fed. R. Civ. P. 59(e) is generally available only when a manifest error affects the correctness of **the judgment**." *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (emphasis added) (internal quotations omitted).  In other words, even if the Court previously made a factual or legal mistake, it need not grant the motion for reconsideration if the result should remain the same.  *See id.* ("The fact that the court made a mistake is not, by itself, enough to warrant granting [the plaintiff's Rule 59(e) motion].").

## II.   REMOVAL AND REMAND TO BANKRUPTCY COURT

As discussed above, because the parties agree that McKay's removal notice and motion to remand were timely filed, the Court's prior Order remanding the case to state court as untimely was based on a factual error. Nevertheless, the Court need not grant McKay's reconsideration motion if the result under the Court's new analysis is the same: namely denying the motion to remand the case to bankruptcy court and sending the case to state court. *See Norman*, 79 F.3d at 748.

28 U.S.C. § 1334 gives district courts jurisdiction over bankruptcy cases. Section 1334(a) gives district courts "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334(b) gives district courts non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b). This grant of jurisdiction can be divided into two categories: "core proceedings and non-core, related proceedings." *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). The question for the Court is whether it has jurisdiction over Reedquist's case as a core proceeding, or a non-core, related proceeding.

### A.   Core Proceeding

Core proceedings are actions "arising under title 11, or arising in a case under title 11." *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017 (8th Cir. 2009) (quoting 28 U.S.C. § 157(b)(1)). A non-exhaustive list of "core proceedings" is provided in 28 U.S.C. § 157(b)(2). Core proceedings "arising under" title 11 are "those proceedings that

involve a cause of action created or determined by a statutory provision of title 11." *Farmland*, 567 F.3d at 1018. Core proceedings "arising in" a case under title 11 "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 1018.

Reedquist's complaint does not refer to Title 11, nor does it rely on any specific bankruptcy law, so this case does not itself arise under Title 11. Instead, McKay asserts that this proceeding "arises in a case under the Bankruptcy Code . . . pursuant to 28 U.S.C. § 1334" and that "[t]his proceeding is a core proceeding." (McKay's Mem. in Supp. of Mot. for Recons. ("McKay Mem.") at 2, Feb. 20, 2015, Docket 19.) McKay offers little support for this conclusory statement. Her key argument appears to be that Reedquist's action is not actually a partition complaint but is instead an attempt by Reedquist to recover money owed her by McKay for the house, despite that debt being discharged in McKay's bankruptcy proceedings. Indeed, McKay claims that Reedquist's complaint "is not a partition complaint . . . . It is at best a frivolous non-dischargeability action and at worst, and most likely, an attempt to collect a discharged unsecured debt by way of setoff against equity in real property partly owned by the debtor." (*Id.* at 3.)

The Court finds that Reedquist's partition action is not a core proceeding. It is true that the results of McKay's bankruptcy proceedings – in particular the trustee's "abandonment" of the property and the discharge of McKay's debt to Reedquist – are helpful factual elements in the present lawsuit. Nevertheless, their relevance to this case does not necessarily mean this action is a core proceeding. The Court finds that Reedquist's action is not one that "would have no existence outside of the bankruptcy."

*Farmland*, 567 F.3d at 1018. Instead, Reedquist's action is a straightforward attempt to partition property; the type of action that could arise under state law irrespective of whether McKay had recently gone through bankruptcy. Indeed, Reedquist readily admits that debt owed her by McKay on the home was discharged in bankruptcy. (Reedquist Resp. to Notice to Remove ("Reedquist Resp.") at 1, Mar. 13, 2015, Docket No. 23.) As in *In re Farmland Industries*, Reedquist's straightforward partition action does "not fit into the narrow category of administrative matters which have no existence outside of the bankruptcy." 567 F.3d at 1018 (internal quotation marks omitted). The Court reaches this conclusion even acknowledging that Reedquist did not cite Minnesota partition law – in particular Minn. Stat. § 558.01 – in her complaint. That omission does not mean Reedquist is not actually bringing a partition action. The fact that Reedquist invokes non-bankruptcy law, even if not through a direct citation, lends additional support to the conclusion that this action is not a core proceeding. *See In re Holmes*, 387 B.R. 591, 599 (Bankr. D. Minn. 2008) ("[A]n action . . . in which non-bankruptcy law is invoked for substantive governance[] is not a core proceeding."). In sum, the Court concludes Reedquist's action is not a core proceeding.

    **B.**    **Related Proceeding**

Although Title 28 does not define "related proceedings," the Eighth Circuit has established the "conceivable effect" test:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . .

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . . **and which in any way impacts upon the handling and administration of the bankruptcy estate.**

*Specialty Mills*, 51 F.3d at 774 (alteration in original) (emphasis added) (quoting *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987)). The "conceivable effect test" amounts to a "fairly broad interpretation of the scope of a bankruptcy court's 'related to' jurisdiction." *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993).

McKay asserts only that the present action is a core proceeding, but the Court will also consider whether Reedquist's action falls under the court's non-core, related proceeding jurisdiction. Here, where the bankruptcy proceeding has long since ended, the bankruptcy injunction is clearly in force, and Reedquist acknowledges the effect of the bankruptcy injunction on her action (namely that the $23,000 in debt owed to Reedquist and listed in McKay's bankruptcy proceedings has been disclaimed, (Compl. ¶¶ 9-11; Reedquist Resp. at 1)), the Court concludes there is no "related to" jurisdiction in this case. Reedquist's action will not have an "impact upon the handling or administration of [McKay's] bankruptcy case." *In re McAlpin*, 263 B.R. 881, 885 (B.A.P. 8th Cir. 2001). Reedquist's action involves the partition of property that, due to the trustee's abandonment decision, was essentially untouched by McKay's bankruptcy proceedings. As a result, it is not a related proceeding that falls under the umbrella of the bankruptcy code.

### C. *In Rem* Proceeding

Additionally, as Mullen correctly points out, there is an important distinction between Reedquist's action – an *in rem* proceeding seeking to determine the ownership of property abandoned during bankruptcy proceedings – and an *in personam* action seeking to hold a debtor personally liable. As the Supreme Court noted in *Johnson v. Home State Bank*, "a bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*." 501 U.S. 78, 84 (1991). Reedquist's action is akin to a creditor attempting to assert property rights after a bankruptcy. *See id.* at 83 ("[T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."); *see also In re K.C. Machine & Tool Co.*, 816 F.2d 238, 245-46 (6th Cir. 1987). The distinction between an *in rem* proceeding and an *in personam* proceeding is critical here, and supports the conclusion that this case need not be heard by a bankruptcy court. *See In re Herter*, No. 12-180, 2013 WL 588145, at *4 (D. Idaho Feb. 13, 2013) (concluding that a discharge injunction would not prevent a division of property because it involved "no action to collect, recover, or offset a discharged debt").

### III. CONCLUSION

In sum, because Reedquist's action is not a core proceeding or a related proceeding, and because it is a permissible *in rem* proceeding, the Court will not alter or amend the result reached in its prior Order denying McKay's motion to remand the case to bankruptcy court and remanding the case to state court. Consequently, the Court will

deny McKay's motion for reconsideration.  This ruling is not affected by the fact that Reedquist has not filed her partition complaint in state court.  Additionally, the Court need not reach Mullen's request to dismiss McKay's claims against him and his law firm.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that McKay's Motion to Reconsider [Docket No. 17] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 30, 2015　　　　　　　　　____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court